## SUPREME COURT.

THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF SCHROEPPELL agt. THE OSWEGO AND SYRACUSE PLANK ROAD COMPANY.

By the terms of the Plank Road act, as amended in 1851, in relation to the location of toll gates, it requires, of this court, judgment of affirmance or reversal of an order appealed from the County Court. But it is within the province of the court to review the report and to order a *rehearing* before the referees, when there may have been any irregularity in their proceedings or in the admission of evidence.

The evidence to be adduced before the referees must be pertinent and adapted to the nature of the proceeding. The statements of officers of the company *when not acting as agents*, are inadmissible (2 *R. S.* 40, § 80 and 81).

In order to remove a toll gate, the principal point to be established is, that the *public interest is prejudiced* in its present location.

*Oswego Circuit and Special Term, June* 1852. This was an appeal from an order of the county judge of the county of Oswego, directing the removal of toll gate No. 4, on the Oswego and Syracuse Plank Road, under the provisions of § 37 of chapter 210, *Laws of* 1847. The appeal was referred to three referees pursuant to § 1 of chapter 487, *Laws of* 1851. The referees reported that the location of the toll gate was unjust to the people residing upon a road known as the Telegraph road, and roads diverging from it. On the trial before the referees, evidence was admitted of the statements of some of the officers of the Plank Road Company, when not acting as the agents of the company, that the location of the gate was not a proper one. These statements were objected to by the counsel for the defendant. Application was made at this time for judgment on the report of the referees, and at the same time a motion was made on behalf of the defendants for a rehearing.

Commissioners agt. Plank Road Company.

M. B. CHURCH, *for the Commissioners.*

R. H. TYLER, *for the Company.*

HUBBARD, Justice.—The act of 1851, amending the general plank road law, passed May 7, 1847, does not in terms authorize a recommitment of the report of the referees; in terms it requires judgment of affirmance or reversal of the order appealed from. But I think it within the province of the court to review the report and to order a rehearing before the referees, when there may have been any irregularity in their proceedings or in the admission of evidence; otherwise great injustice might result. This case would furnish an illustration. Here, evidence clearly inadmissible was given, and without it the proof is insufficient to sustain the report, and if, for that reason, the order appealed from should be reversed, great injustice might follow. I shall, therefore, send the case back to the referees upon the ground that the evidence of the statements of the officers of the plank road company was inadmissible.

The statute has regulated the admission of the statements of the officers of aggregate corporations, and limited them to the occasion of transacting the business of the company to which the statements relate (2 *R. S.* 40, §80 and 81). The second section of the act of 1851 (*Sess. Laws of* 1851, *p.* 919), provides that the proceedings before the referees shall be conducted the same as trials before referees in civil actions, so that the proofs adduced must be such as would be admissible before a judicial tribunal. The evidence must be pertinent and adapted to the nature of the proceeding. What amount or strength of proof shall be sufficient to establish the fact that the gate in its location is detrimental to the public interest, can not well be defined. But the pertinency of the proof is not a source of much difficulty. The precise point to be established, and which alone justifies the removal of a toll gate is, that the *public interest* is prejudiced; and this must depend upon the question of the payment of toll. The company is authorized to erect gates and charge certain toll. Now if no more toll is required or exacted, than the law authorizes for the distance actually traveled, clearly *no complaint can be made.* It is not important whether trade or travel has been

Commissioners agt. Plank Road Company.

diverted from its wonted channel; such an objection strikes at the root of the principle of plank roads. Where, however, a gate is located *arbitrarily* for the purpose of exacting exorbitant toll from persons living upon a diverging road, who travel but a short distance upon the road of the company, *that* forms a good ground of complaint.

In this case it seems that the referees have found the location of the gate in dispute to be unjust in respect to the people living on the Telegraph road, and the roads diverging from it, but it is to be observed that this may be true for aught now appears, and still the *public interest*, in its largest sense, not prejudiced. It may be that the removal of the location would be equally or more prejudicial to persons residing on other roads. What I venture to say is, that the referees should not confine their inquiries to the people living on any particular road, but should look to the *general interest* of the public, and see whether on the whole, that interest would be promoted by the change—keeping in view all the time that the plank road company are authorized to select their own location, provided no more than legal toll is exacted.

It will be impossible from the nature of things, for the company to locate their gate, so that every person shall be required to pay only in proportion to the distance actually traveled, but they should endeavor to approximate to it, and if the company unreasonably or unnecessarily depart from this principle of general equality of toll, as to neighboring residents, proceedings of removal may be instituted. I think the referees in all these cases should find specifically upon the question, whether the *public interest* demands the removal of the gate, and that with reference to the payment or exaction of toll generally.

The report must be recommitted to the referees and they will proceed *de novo* to the hearing of the appeal; all questions of costs are reserved until the final hearing for judgment.

Ordered accordingly.